WORTHEN *v.* SMITH.

Opinion delivered April 18, 1921.

1. BROKERS—COMMISSION—INSTRUCTION.—In an action for a broker's commission, an instruction that if the broker and purchaser were associated in business engaged in buying and selling real estate as partners at the time of the sale of the land by the owner to the purchaser, the broker could not recover his commission, *held* under the evidence to be abstract.

2. APPEAL AND ERROR—ABSTRACT INSTRUCTION—PREJUDICE.—The giving of an abstract instruction is erroneous and calls for a reversal of the judgment unless it can be seen that no prejudice could have resulted from the error.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; reversed.

*Rowell & Alexander,* for appellant.

The court erred in giving instruction No. 2 requested by appellant. It was abstract, unsupported by the evidence, misleading and prejudicial. 70 Ark. 441; 74 *Id.* 19; 78 *Id.* 177; 80 *Id.* 260; 88 *Id.* 454; 96 *Id.* 614; 117 *Id.* 593.

*DeWitt Poe* and *Williamson & Williamson,* for appellees.

1. If the objected to instruction was abstract, it was not prejudicial but harmless. 59 Ark. 431, 440; 103 *Id.* 307; 88 *Id.* 204. The testimony of Smith and appellant was in irreconcilable conflict, and the jury believed Smith, and the verdict is conclusive. 116 Ark. 82; 80 *Id.* 284; 75 *Id.* 37; 81 *Id.* 605. The evidence is not all in the record,

and this court will not review its sufficiency.    54 Ark. 159; 58 *Id.* 134; 80 *Id.* 75; 136 *Id.* 378; 1 Crawford's Digest, col. 1, p. 232.

2.    Those who hold themselves out to the public as partners are bound by their acts and estopped.    99 Ark. 602; 93 *Id.* 301.    The record is incomplete, as certain documents are missing, and this court will not review the verdict.

McCULLOCH, C. J.    Appellant, Worthen, instituted this action against appellees, C. A. Smith and David Frinks, to recover a sum of money alleged to be due as commission on a sale of real estate.    It is alleged in the complaint that appellees entered into a written contract with appellant authorizing the latter to sell a farm in Desha County owned by appellees for a sum mentioned and upon stipulated terms and agreed to pay a commission for making the sale; that he produced a purchaser ready, willing and able to buy the farm on the specified terms, but that appellees refused to consummate the sale and refused to pay the earned commission.    Appellees answered the complaint, setting forth several defenses. In the first place, it was denied that there was any contract between the parties for the sale of the farm, it being alleged in the answer that the writing exhibited with appellant's complaint was signed by appellee Smith without authority of his co-appellee Frinks, and that the writing was delivered to appellant upon the express condition that it should not become a contract between the parties until it was subsequently ratified by Frinks.    It was also alleged in the answer that the prospective purchaser produced by appellant was one who was in partnership with appellant in the purchase of the land, and for that reason appellees are not compelled to consummate the sale, and that appellant is not entitled to the commission.    The case was tried before a jury, and the verdict was in favor of appellees.

According to the undisputed testimony, appellees owned a farm in Desha County containing 561 acres and

appellee Smith signed the name of "Smith & Frinks" to the writing delivered to appellant, which authorized him to sell the farm at a price mentioned therein, and that it contained an agreement to pay a commission of ten per centum of the price. Frinks was not present when the contract was executed by Smith and was absent from the State on account of ill health. Appellant testified that Smith represented to him that he was authorized to sign Frinks' name. On the other hand, Smith testified that he had no authority to sign Frinks' name to the contract or to make a contract for the sale of Frinks' interest in the land, and that he did not undertake to do so, but that he signed the contract with the distinct understanding that it was conditioned upon a subsequent confirmation by Frinks and was not to take effect unless Frinks so confirmed it. Frinks also testified that Smith had no authority from him to enter into a contract for the sale of the land, and that he (Frinks) refused to approve the contract with appellant as soon as it was brought to his attention. It is seen from this recital of the testimony that there is a sharp conflict on the issue as to whether or not the writing was delivered to appellant conditionally and was not to become a binding contract until approved by Frinks. This issue was submitted to the jury on appropriate instructions, and the finding must be taken as settling the issue against appellant by the verdict of the jury.

Appellant testified that he was engaged in the business of selling real estate on commission; that the office he occupied at Watson in Desha County was the one maintained by Mr. James Gould, who was engaged in the real estate business under the name of the Delta Land Company; and appellant further testified that he had no interest in the Delta Land Company except that he sold land for that concern on commission the same as he did for others. Gould is the person with whom appellant negotiated the sale of the land of appellees. Appellant testified that he negotiated the sale with Gould and communicated that fact to appellee Smith, who refused to

consummate the sale. Mr. Gould testified that he was in the real estate business under the name of the Delta Land Company, which was not incorporated, and maintained an office at Watson; that appellant Worthen was under contract to sell lands for the Delta Land Company on a commission basis, but had no interest in his (Gould's) proposed purchase of the lands of appellees. Mr. Gould testified that he tried to purchase the land for his son who had just been discharged from the army and had some money to invest, and that appellant had no interest whatever in the purchase. During the cross-examination of appellant while on the witness stand, he was asked to identify an office card of the Delta Land Company on which appeared the names of "James Gould, Secretary," and "W. W. Worthen, Manager." Appellant conceded the authenticity of the card, and testified that he was manager of the company's office and sold land for the company on commission.

The court, over appellant's objection, gave the following instruction:

"If you find from the evidence that plaintiff and James Gould, the party to whom plaintiff claims to have sold the property, were associated in business engaged in buying and selling real estate as partners at the time of the sale by plaintiff to said Gould, then your verdict will be for the defendant Smith, unless you further find that this particular sale was excluded from their other transactions."

The sole ground urged here for reversal is that the instruction copied above was an abstract one without any testimony to support it, and that it constituted prejudicial error for the court to give it. We have concluded that the contention of counsel is correct in this respect, and that the instruction is without any testimony to support it and is prejudicial, or at least was calculated to prejudice the rights of appellant before the jury in determining the issues of fact. There is no testimony whatever that there was a partnership existing between appellant and Mr. Gould, or that appellant was interested

with Mr. Gould in the purchase of this land. The office card introduced in evidence tends to prove nothing further than the fact that appellant had some sort of a business arrangement there with Mr. Gould in operating the real estate business under the name of the Delta Land Company. It does not tend to prove that there was a partnership or any community of interest between Gould and appellant in the purchase of this land. Appellant testified that he merely made sales of land for the Delta Land Company on a commission basis. Gould testified to the same fact, and stated that appellant had no interest in this purchase and that he (Gould) was buying the land for his son. Gould is a disinterested witness, and there is nothing to show that he has any interest in the result of this case, which is one for the recovery of the commission alleged to be due. Gould does not claim to have any binding contract for the purchase of the land, and he is not affected by the result of this suit.

It is contended by counsel for appellees that, even if the instruction was abstract, it was not prejudicial, and does not call for a reversal of the judgment. We can not agree to this, because it has often been held by this court that the giving of an abstract instruction is erroneous and calls for a reversal of the judgment unless it can be seen that no prejudice could have resulted from the error. Numerous cases on this subject are cited on the brief of counsel. The jury may have assumed from this instruction that the court was holding that the evidence was legally sufficient to justify a finding that appellant was interested with Gould in the purchase, and they may have assumed from the giving of this instruction that they were at liberty to draw the inference from the language of the office card introduced in evidence that appellant was interested with Gould. Learned counsel for appellees argue here that the evidence was sufficient, and doubtless the counsel who tried the case below made the argument to the jury. For aught we know to the contrary, the verdict of the jury may have been founded on this particular feature of the case.

For the error in giving this instruction the judgment must be reversed and the cause remanded for a new trial. It is so ordered.